DAVID M. COWLES vs. SCOVILLE M. BUCKINGHAM.

C, who owned a tract of land, agreed with B that he would hold it for one year subject to B's order and at any time within the year give him a deed of it on his paying him $17,403 with interest. In consideration of this B agreed that if he did not take the land and it should not be sold by C for enough to pay that sum and interest, he would pay C such sum as, with what he should get for the land, would make up the amount of $15,000 and $2,403, with interest on the latter sum; but that he was not to pay more than the $2,403 and interest unless he should elect to take the land and pay the full price. Held that the obligation assumed by B was not to pay the $2,403 in case he did not take the land, but only, in case of a sale by C, to make up to him the difference between the price for which he sold and the full price, but not exceeding the $2,403 and interest; and that therefore C could not maintain a suit against him on the contract until he had made a sale of the property.

Where a finding of facts embraces a contract and the whole question in the case is as to the construction of the contract, the remedy for an error of the court in giving it a construction is by a motion in error.

DEBT upon a contract under seal; brought to the Superior Court in Litchfield County, and tried to the court on the general issue before *Hitchcock, J.* Facts found and judgment rendered for the plaintiff, and motion in error by the defendant. The case is fully stated in the opinion.

*G. E. Terry*, for the plaintiff in error.

*C. B. Andrews*, for the defendant in error.

PARK, C. J. This case depends upon the construction to be given to the following contract between the plaintiff and defendant:

"A contract made the 16th day of September, 1875, by and between Scoville M. Buckingham of Waterbury and David M. Cowles of Bethlehem in the state of Connecticut. The said Cowles is the owner of a piece of land in New Haven, * * containing about four acres, [describing it.] This land said Cowles agrees to hold subject to the order of

said Buckingham for one year from the date hereof, and at any time within said year to give said Buckingham a deed of the same upon receiving therefor the sum of $17,403.33, and interest on said sum from the said 16th day of September, 1875; and if during said year said Buckingham and Cowles shall agree to the sale of any portion of said land, any amount received therefor shall be paid over to said Cowles, and shall apply towards the payment of the sum above named. And in consideration of the foregoing said Buckingham agrees that if said land shall not bring to said Cowles a sufficient amount to pay said sum and interest thereon, then he will pay to said Cowles such sum as will make the amount received by him for said land equal to the sum of $15,000, and the further sum of $2,403.33, ·with interest on the last named sum; provided only, that in no event shall said Buckingham be called to pay more than $2,403.33 and the interest thereon from the date thereof, unless he shall elect to take the land, and pay therefor in the manner hereinbefore provided. And it is further agreed by and between the parties hereto that the said Cowles shall receive the rents and profits of the above described premises, and shall keep a true account of the same, and should the said Buckingham elect to take the premises then the avails of the rents and profits so received by the said Cowles shall apply on the purchase money to be paid by the said Buckingham."

Whatever difficulty there is in construing this contract grows out of the agreement of the defendant to pay money to the plaintiff. It is apparent from the whole contract that the defendant considered the property worth more than the sum he agreed to pay for it in case he should elect to purchase, and that the defendant did not intend to exercise his right to purchase unless he could find a purchaser who would pay a larger sum for the property than he had agreed to pay.

Now it is evident that the sale of the property to be made by the plaintiff is a different one from the sale to the defendant under the contract, for the defendant's liability is

Cowles *v.* Buckingham.

greater in one case than in the other. If the defendant elects to purchase, the contract requires him to pay $17,403.33, and the interest thereon from the date of the contract; whereas in the other case, if the amount received by Cowles falls short of that sum, the defendant, though required to make up the deficiency, is required to pay interest only on the sum of $2,403.33, and in no event is to be called upon to pay more than that sum and the interest thereon, unless he should elect to purchase. These differences are important. It seems to be assumed that the property will not bring the plaintiff less than the sum of $15,000, for no part of that sum is to be made up to him, the defendant being bound to pay only $2,403.33, whatever the deficiency.

We think therefore that the contract contemplates a sale of the property by the plaintiff and a payment by the defendant of the difference, if any, between the sum received from the sale, and the sum of $17,403.33, provided the amount shall not exceed $2,403.33 with the interest thereon from the date of the contract.

It follows therefore, inasmuch as there has been no sale of the property, and consequently the deficiency, if any, has not yet been ascertained, that there is manifest error in the judgment complained of.

The plaintiff contends that a motion in error is not the proper mode of bringing up for review the action of the court below. But the error consisted wholly in giving an improper construction to the contract, which is set out in full upon the record and was the basis of the judgment rendered. The question is purely one of law upon the facts found. In such a case a motion in error is the proper remedy.

In this opinion the other judges concurred.